**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD WHETHERS,** | : | **CIVIL ACTION NO. 1:05-CV-1204** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOE SMITH, Warden,** | : | |
| | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is a petition for writ of habeas corpus (Doc. 1),

filed by Ronald Whethers ("Whethers"), pursuant to 28 U.S.C. § 2241.  For the

reasons  that follow, the petition will be dismissed for lack of jurisdiction.

**I.**    **<u>Statement of Facts</u>**

In April 1996, after a jury trial, Whethers was convicted of money laundering

and conspiracy to distribute and to possess with intent to distribute cocaine.  <u>See</u>

<u>United States v. Whethers</u>, 71 Fed. Appx. 144  (3d Cir. 2003).  The quantity of drugs

involved was not an issue submitted to the jury.  At sentencing the district court

found, by a preponderance of the evidence, that more than 150 kilograms of

cocaine was involved, and imposed the statutory maximum sentence of life

imprisonment.  <u>See</u> 21 U.S.C. § 841(b)(1)(A).

The United States Court of Appeals for the Third Circuit affirmed the

conviction and sentence, <u>see</u> <u>United States v. Whethers</u>, 159 F.3d 1354 (3d Cir. 1998),

and the United States Supreme Court denied a petition for writ of certiorari.  <u>See</u>

<u>United States v. Whethers</u>, 525 U.S. 1126 (1999).  Whethers then filed a motion to

vacate pursuant to 28 U.S.C. § 2255, claiming that his conviction and sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).  That motion was denied, and the Court of Appeals for the Third Circuit affirmed, finding that Apprendi did not apply retroactively to Whethers' motion to vacate.  See Whethers, 71 Fed.Appx. 144.

The instant § 2241 petition was filed on June 14, 2005.[1]  It avers that Whethers' due process rights were violated because his sentence was based, in part, upon factual findings made by a judge—rather than by a jury—and upon a "preponderance of the evidence" standard—rather than a "beyond reasonable doubt" standard.  (Doc. 1 at 3).

## II.   Discussion

A challenge to the legality of a federal conviction may only be brought in the district of sentencing, and only via a § 2255 motion.  Accordingly, a challenge brought pursuant to a petition for habeas corpus must be dismissed for lack of jurisdiction.  In re Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)(per curiam), cited with approval in Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam); see also Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (stating that, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy").  A narrow exception to this jurisdictional limitation applies when a motion made under § 2255 would be "inadequate or

---

[1]Whethers is presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, within the Middle District of Pennsylvania.  (Doc. 1).

ineffective to test the legality of [a petitioner's] detention." <u>See</u> 28 U.S.C. § 2255.  In such a circumstance the conviction may be challenged via a § 2241 petition.

In the instant matter, Whethers contests the validity of his federal conviction, and hence his request for relief must be brought pursuant to a § 2255 motion rather than the § 2241 petition *sub judice*.  Nevertheless, Whethers contends that § 2255 is "inadequate or ineffective" because <u>Apprendi</u> did not apply retroactively and could not be used to satisfy the requirements for a second or successive motion.   While Whethers is correct that <u>Apprendi</u> does not apply retroactively to cases on collateral review and may not satisfy the gatekeeping requirements for filing a second or successive motion, <u>see</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120-21 (3d Cir. 2001)); <u>see also</u> <u>United States v. Swinton</u>, 333 F.3d 481, 485 (3d Cir. 2003) (holding that <u>Apprendi</u> is not retroactive to cases on collateral review), this does not establish that the remedy is inadequate or ineffective to test the legality of his conviction and sentence.  Indeed, the Third Circuit has specifically held that § 2255 is not "inadequate or ineffective" for prisoners seeking to raise an <u>Apprendi</u> claim in a § 2241 proceeding.  <u>Okereke</u>, 307 F.3d at 120-21.

### III.   <u>Conclusion</u>

Because Whethers has not established the inadequacy or ineffectiveness of a

§ 2255 motion to challenge his conviction, his petition for writ of habeas corpus will

be dismissed for lack of jurisdiction.  <u>See</u> <u>Galante</u>, 437 F.2d at 1165.  An appropriate

order will issue.[2]


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        October 5, 2005

---

[2]  Whethers also attempts to characterize his petition as a petition for writ of error *coram nobis*.  <u>See</u> 28 U.S.C. § 1651(a).  However, such a writ is only available to a petitioner who has already served his or sentence and is no longer "in custody" for purposes of a § 2255 petition.  <u>See</u> <u>United States v. Stoneman</u>, 870 F.2d 102, 105-06 (3d Cir.1989); <u>see also</u> <u>United States v. Baptiste</u>, 223 F.3d 188, 189 (3d Cir. 2000). There is no basis for *coram nobis* relief in the instant matter because Whethers is still in custody.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD WHETHERS,** | : | **CIVIL ACTION NO. 1:05-CV-1204** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOE SMITH, Warden,** | : | |
| | : | |
| **Respondent** | : | |

## ORDER

AND NOW, this 5th day of October, 2005, upon consideration of the petition

for writ of habeas corpus (Doc. 1), and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack
    of jurisdiction.  See 28 U.S.C. § 2255; Cradle v. United States ex rel.
    Miner, 290 F.3d 536, 538 (3d Cir.  2002).

2.  The Clerk of Court is directed to CLOSE this case.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge